The writ is insufficient, for he does not plead that he disturbed the plaintiff, de libero ingressu, etc., but he omits liberum. 2 H., 4. Condition that he shall not put the plaintiff out of possession and the breach is assigned that he keep the door shut, it is well enough. Yet it appears that he never had possession. So the replication is good and the breach well alleged, and he disturbed him. Wherefore there shall be judgment for the plaintiff.
JONES, J., e contra. (1) The bar is good, for liberum ingressum is no more than ingressum in the condition, it shall be *understood from time to time and libere. Also, it is said here that he did not disturb him in theingresse, etc., secundum formam et effectum conditionis praedict.
(2) The replication (which ought to be to every point) is bad, for it assigns no breach, for by intendment there may be other gates. The defendant is not to leave his house open at midnight, but only at *Page 738 
reasonable hours. Perhaps the gates were only shut until it should be requested that they might be opened; they are not to be always open, and it is not shown how long they remained shut.
(3) There shall be no repleader after a demurrer; and if the count, the bar, and the replication are all good, the plaintiff shall have judgment. If the bar is bad in substance, or only in matter of form, and the replication be bad, the defendant shall have judgment. This distinction is taken in Ridgeway's case.